OPINION OF THE COURT — BY
CHIEF JUSTICE HAMPTON.
This is an appeal from the circuit court of Lawrence county, where in an action of debt on a bond, there was a verdict and judgment for the plain,tiff. It is submitted to us without argument; one party perhaps content with the time ho has gained, and not tenacious of his exceptions, and the other reposing with confidence on his verdict and judgment which are so sacred in the eye of our statute of Jeofails.
By reference to the bill of exceptions, it appears, that at the trial of the ^fruse before the circuit court, the defendant’s counsel objected. ■
1st, That the condition of the bond, which was the foundation of the plaintiff’s action, should have been set out verbatim, in the declaration, &c.
2nd, That though the plaintiff might not be compelled to set out the condition, yet having undertaken to do it, he should do it in the precise terms thereof. The cause was at issue on the plea of payment only.— There being no assignment of errors, we are to suppose that the appellant, so far .as he has hopes at all on this subject, relies, on these exceptions.
“The usual course of pleading on a bond conditioned for the performance of covenants, is for the plaintiff to declare in debt for the penalty; the defendant to crave oyer, and plead a general performance; the plaintiff to reply and set forth particular breaches;and the defendant to rejoin to those breaches and take issue thereon.” Vide case of the Post Master General of the United States, vs. Cochran, 2 Johnson’s Rep. 413; 2 Caine’s Rep. 230. Or the plaintiff may proceed in the first instance to set out the condition, “and assign breaches specifically, and in such case a plea of general performance, held insufficient; but the defendant should answer each breach, when, how, and where he performed the covenant on *206 which it is assigned.” 2 Johnson’s Rep. 4-13. Our own statute-in re----gard to the assignment of breaches- in all actions- on'bond,-&c- presupposes a case where the plaintiff hath not hr the- first instance' assigned' the-breaches in his declaration; for its language- is, in section 55, circuit court! law, page 117, of Rev. Code, “where judgment on demurrer, or by con-, fession, or nil didt, shall be given for the plaintiff, he may assign as many' breaches of the covenants or agreements as he may think fit; upon whichjl a jury shall be summoned to enquire of every one of those breaches, and® to assess the damages the plaintiff shall have sustained thereby,” &cA And such was the-decision of this court, given at the last June Term, irA the case of the Governor vs. Scott, on overrulling demurrer, and sending the cause back to the circuit court. , t
As to the second error assigned in the bill of exceptions, we think that the correct rule is recognized in the case of Hopkins vs. Young, 11 Massachusetts Rep. 307, “that in declaring on written contracts it is not necessary to use the words of the- party, but the plaintiff may declare according; to their legal effect.’’ ;•
I would remark, however, that so far as becomes necessary to identify the instrument with the recovery had thereon, that defendant may. nots.be-precluded, from his plea of ‘‘-former recovery? or “res judicata,” in a second action for the same cause. This rule always supposes a true description of the instrument; an,d as to all the essential features of such description, to authorize a recovery, there should be the most accurate correspondence between the allegata and the probata. The judgment is very informal, and not in pursuance of the practice,.or the statute;but is protected by the broad cegisob the act of Jeofails.
Lot the judgment be affirmed.